**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY WOODS, | |
| Plaintiff, | CIVIL ACTION NO. 3:CV-13-539 |
| v. | (JUDGE CAPUTO) |
| SALISBURY BEHAVIORAL HEALTH, INC., t/a NEW STORY, | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is Plaintiff Mary Woods' ("Woods") Appeal from Clerk's Taxation of Costs and Judgment for Costs. (Doc. 35.) For the reasons that follow, Woods' objections to the Clerk's taxation of costs will be sustained in part and overruled in part, and the Clerk of Court will be directed to enter judgment in favor of Salisbury Behavioral Health, Inc., t/a New Story ("New Story") and against Woods in the amount of $970.70.

**I. Background**

Woods commenced this action against her former employer New Story on February 26, 2013. Among other causes of action, the Complaint set forth claims for discrimination, retaliation, and constructive discharge in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951-963.

New Story moved for summary judgment following the close of discovery. New Story's motion was granted on March 12, 2014, and judgment was entered in favor of New Story and against Woods on all claims. *See Woods v. Salisbury Behavioral Health, Inc.*, - - - F. Supp. 2d - - -, 2014 WL 957342, at *17 (M.D. Pa. Mar. 12, 2014).

Thereafter, New Story filed a Bill of Costs requesting the Clerk to tax costs against Woods in the amount of $1,168.10. (Doc. 31.) Woods filed objections to the Bill of Costs.

(Doc. 32.) Ultimately, the Clerk entered Judgment taxing costs in favor of New Story and against Woods in the amount of $1,011.50. (Docs. 33; 34.)

On April 15, 2014, Woods filed the instant appeal from the Clerk's taxation of costs. (Doc. 35.) New Story was subsequently directed to file a response to Woods' objections, (Doc. 36), which it did on June 24, 2014. (Doc. 37.) Woods' objections to the Clerk's taxation of costs are ripe for disposition.

## II. Discussion

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs- other than attorney's fees- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a "strong presumption" that costs are to be awarded to the prevailing party. *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000)). "Taxable costs are those explicitly listed in 28 U.S.C. § 1920." *Smith v. City of Lebanon*, No. 07-1207, 2011 WL 66018, at *1 (M.D. Pa. Jan. 10, 2011) (citations omitted). "'Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.'" *Reger*, 599 F.3d at 288 (quoting *In re Paoli*, 221 F.3d at 462-63, 468). Significantly, "the losing party bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli*, 221 F.3d at 462-63 (citation omitted).

Woods first objects to the Clerk's taxation of $125.00 for certified copies of Woods' unemployment compensation records which New Story subpoenaed from the Pennsylvania Department of Labor and Industry. Woods argues that these records were not necessarily obtained for use in this case because they were not used during her deposition or cited by New Story in its motion for summary judgment. In opposition, New Story contends that the

2

records were subpoenaed "so it could review the documents related to Plaintiff's claim for unemployment compensation, including what she represented was the reason for her resignation. The reason for Plaintiff's resignation was the subject of a major claim in Plaintiff's case against the company." (Doc. 37, 2.)

Woods' objection to taxation of the cost for New Story to obtain certified copies of records from the Pennsylvania Department of Labor and Industry will be overruled. Pursuant to 28 U.S.C. § 1920(4), the Clerk may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Here, a critical issue in this litigation related to Woods' reasoning for resigning from her employment with New Story. Thus, because Woods' unemployment compensation records contained information pertinent to this issue, they were necessarily obtained by New Story for use in this case. Woods' first objection will therefore be overruled.

Woods also objects to the taxation of deposition costs in the amount of $886.50. Specifically, Woods asserts that it is unclear from New Story's filings whether it seeks to recover charges not properly taxable under Middle District of Pennsylvania Local Rule 54.4(3). Thus, in the absence of an explanation of the costs sought by New Story for deposition transcripts, Woods requests that New Story's recovery for such transcripts be reduced by fifty percent (50%). In response, New Story submitted invoices indicating that the deposition costs of $886.50 consists of the following charges: (1) $289.25 for the original and one copy of Woods' deposition transcript; (2) $375.75 for one copy of the deposition transcripts of Eric Righter and Brooke Coatsworth; (3) $204.00 for an expedited copy of James Hogan's deposition transcript; and (4) $17.50 for copying and processing and handling fees associated with James Hogan's deposition transcript.

Woods' second objection will be sustained in part, and the Clerk's taxation of costs

for deposition transcripts will be reduced by $40.80.  Middle District of Pennsylvania Local Rule 54.4(3) provides:

> **Deposition Costs.**  The reporter's charge for the original deposition and/or copy is taxable whether or not the same is actually received into evidence, and whether or not it is taken solely for discovery, regardless of which party took the deposition. . . .

M.D. Pa. L.R. 54.4(3).

The Clerk properly taxed against Woods the cost of her deposition transcript, as well as the costs for the deposition transcripts of Eric Righter and Brooke Coatsworth.  As set forth in the invoice attached to New Story's response to Woods' appeal, (Doc. 37, Ex. A), the cost for "orig. and one copy" of Woods' deposition transcript was $289.25, while the cost of "one copy" of Eric Righter and Brooke Coatsworth's deposition transcript was $375.75.  As taxable costs under Local Rule 54.4(3) include the court reporter's charge for "the original deposition and/or copy," M.D. Pa. L.R. 54.4(3), Woods' objection to the taxation of the costs for her, Eric Righter, and Brooke Coatsworth's transcripts will be overruled.

Woods' objection to the cost taxed for the deposition transcript of James Hogan will be sustained in part.  As indicated, the Clerk taxed Woods $204.00 for an "expedited copy" of James Hogan's deposition transcript. (Doc. 37, Ex. B, at Ex. 1 thereto.)[1]  Courts in this Circuit have refused to tax costs for expedited preparation of deposition transcripts where the expedited service is solely for the convenience of counsel. *See, e.g., Janssen Pharm. N.V. v. Mylan Pharms., Inc.*, No. 03-6220, 2007 WL 925535, at *8 (D.N.J. Mar. 23, 2007) ("costs for expedited materials should only be borne by the taxed party if the expedition of such materials was necessary where, for instance, trial or a court ordered deadline was pending."); *Montgomery Cnty. v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, at *6

---

[1] Additionally, the invoice for James Hogan's deposition transcript also included a $4.00 charge for photocopying of exhibits and a $13.50 charge for processing and handling. (Doc. 37, Ex. B, at Ex. 1 thereto.)

(E.D. Pa. May 13, 2004) ("the additional fees for expedited services and disk copies were solely for the convenience of counsel and, therefore, shall not be taxed . . . ."); *Day v. Mendenhall Inn, Inc.*, No. 95-830, 1998 WL 599188, at *2 (E.D. Pa. Sept. 9, 1998) ("Expedited transcripts will not be taxed where the increased cost does not appear necessary."); *In re Kulicke & Soffa Indus., Inc.*, 747 F. Supp. 1136, 1147 (E.D. Pa. 1990) ("I will disallow the additional fee for expedited deposition testimony, however, as I find that expedited copy was not 'necessarily obtained' for use in preparing for and trying this case.").

Here, New Story agrees that Woods should not be taxed for the expedited preparation of James Hogan's deposition transcript. (Doc. 37, 2-3.) And, New Story submits evidence demonstrating that a copy of James Hogan's deposition transcript would have cost $163.20 had it been prepared on a non-expedited basis. (Doc. 37, Ex. B, ¶¶ 3-4.) The Clerk's taxation of costs for the copy of James Hogan's deposition transcript will thus be reduced from $204.00 to $163.20, *i.e.*, in the amount of $40.80.

Therefore, Woods will be taxed $845.70 for the cost of deposition transcripts and $125.00 for the cost of obtaining certified records from the Pennsylvania Department of Labor and Industry.

### III. Conclusion

For the above stated reasons, Woods' objections to the Clerk's taxation of costs will be sustained in part and overruled in part, and the Clerk will be directed to tax costs against Woods in the amount of $970.70.

An appropriate order follows.

June 26, 2014                                         /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                                     United States District Judge